# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GLEN M. ABRAM,

    Petitioner,

vs.

CITY OF RENO, et al.,

    Respondents.

Case No. 3:14-cv-00224-RCJ-VPC

**ORDER**

    Petitioner has paid the filing fee. The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause why the court should not dismiss this action as untimely.

    Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of

certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Section 2244(d) is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace, 544 U.S. at 418). The court can raise the issue of timeliness on its own motion. Day v. McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

In the Reno Municipal Court, petitioner was convicted of three (3) counts of misdemeanor battery. Petitioner appealed to the Second Judicial District Court of the State of Nevada. The court takes judicial notice of the docket of that court in Abram v. Reno, Case No. CR10-0671.[1] The state district court affirmed the judgment on February 28, 2011. Petitioner did not further appeal to the Nevada Supreme Court.[2] Petitioner also did not pursue a post-conviction habeas corpus petition in state district court.

Petitioner filed his current federal habeas corpus petition on April 28, 2014.[3]

On its face, the petition is untimely. Because the Second Judicial District Court is the state court of last resort for a municipal court conviction, the judgment became final on May 29, 2011, when the time to petition for a writ of certiorari expired. Petitioner filed nothing else in the state courts, and the one-year period of § 2244(d)(1) expired at the end of May 29, 2012. The current federal petition is almost two (2) years late.

IT IS THEREFORE ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

---

[1] http://www.washoecourts.com/index.cfm?page=casedesc&case_id=cr10-0671 (report generated September 10, 2014).

[2] Such an appeal would have been dismissed for lack of jurisdiction, because a state district court has final appellate jurisdiction over an appeal from a decision of a municipal court. Tripp v. City of Sparks, 550 P.2d 419 (Nev. 1976).

[3] Petitioner states that he mailed the petition on April 25, 2014, but he is not a prisoner and thus cannot take advantage of a prison mailbox rule. In any event, three (3) days makes no difference.

IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the court should not dismiss this action as untimely.  Failure to comply with this order will result in the dismissal of this action.

Dated: September 16, 2014.

_____
ROBERT C. JONES
United States District Judge